UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HANS CHRISTIAN ANDERSON,

        Plaintiff,

v.                                 Case No. 8:10-cv-2573-T-17EAJ

OFFICER WHEELER,
FNU MILLER,
NORA MOORE,
SECRETARY, DEPT. OF CORRECTIONS,

        Defendants.

------

## ORDER

This cause is before the Court on Anderson's 42 U.S.C. § 1983 prisoner civil rights complaint filed pro se. Anderson claims that Defendants verbally threaten him and are unduly detaining him in a state facility. The Court notes that the Department of Corrections database shows that Anderson was sentenced in 2008 to multiple counts of sexual battery with a weapon or force; aggravated child abuse; and burglary assault. He is serving multiple sentences of 15 and 25 years in the Florida Department of Corrections. His projected release date is November 23, 2023. Anderson seeks to have this Court order his release from incarceration.

Anderson's complaint is not plausible, as he does not any facts to support his claim

that he should be released. He only states that he is now well.

The Prison Litigation Reform Act ("PLRA") amended 28 U.S.C. § 1915 by adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Section 1915(g) requires the consideration of prisoner cases dismissed before, as well as after, the enactment of the PLRA. *Rivera v. Allin*, 144 F.3d 719, 730 (11th Cir.), *cert. dismissed*, 524 U.S. 978 (1998). Anderson's prior cases dismissed as either frivolous, malicious, or for the failure to state a claim upon which relief may be granted include 8:10-cv-1290-T-23EAJ, 8:10-cv-1467-T-17EAJ, 8:10-cv-1513-T-26EAJ, and 8:10-cv-1691-T-26AEP.

Additionally, 8:10-cv-1512-T-23AEP, 8:10-cv-1593-T-27MAP, 8:10-cv-1651-T-27AEP, 8:10-cv-1692-T-33EAJ, 8:10-cv-1723-T-23TGW, 8:10-cv-1724-T-30TBM, 8:10-cv-2054-T-23TGW, and 8:10-cv-2576-T-33AEP were dismissed based on the "three strikes" provision in Section 1915(g).

Because he has had three or more prior dismissals and is not under imminent danger of serious physical injury, Anderson is not entitled to proceed in forma pauperis.[1] Anderson may initiate a new civil rights case by filing a civil rights complaint and paying the $350.00 filing fee.

---

[1] Anderson did not file a motion to proceed in forma pauperis. Because he did not pay the filing fee, the Court construes this case as filed as an in forma pauperis case.

2

Accordingly, the complaint (Doc. 1) is DISMISSED without prejudice to Anderson's filing a new complaint, in a new case, with a new case number, upon the payment of the $350.00 filing fee. The clerk shall close this case.

ORDERED at Tampa, Florida, on _NOVEMBER 22nd_ 2010.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Hans C. Anderson